UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WYNETTA BROWN TOWNS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:20-CV-20 RLW |
| DR. KAMARI, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of pro se plaintiff Wynetta Brown-Towns for leave to commence this action without payment of the required filing fee. Having reviewed the motion, the Court has determined that plaintiff lacks sufficient funds to pay the filing fee and will grant plaintiff's motion to proceed in forma pauperis. *See* 28 U.S.C. § 1915. Furthermore, after reviewing the complaint, the Court will dismiss the complaint.

### Legal Standard on Initial Review

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, or fails to state a claim upon which relief can be granted.

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d

912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 1951-52.

**The Complaint**

Plaintiff Wynetta Brown-Towns brings this action against Dr. Kamari and Mercy Hospital for medical negligence/medical malpractice. She claims that in November of 2013, during a surgery for ovary removal, defendants failed to inform her that her bladder tube was cut and she was not properly medicated for blood clots, resulting in a pulmonary embolism. Plaintiff claims as a result she had to have bladder reconstruction surgery.

Plaintiff seeks monetary damages in this action.

## Discussion

"In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006). The Court has the duty to determine its jurisdiction and raise the issue of subject matter jurisdiction *sua sponte*, if necessary. *See City of Kansas City, Mo. v. Yarco Co., Inc.*, 625 F.3d 1038, 1040 (8th Cir. 2010). The Court must dismiss any action over which it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

Plaintiff claims that she is bringing the present lawsuit pursuant to federal question jurisdiction. However, she has checked the box for personal injury on her civil cover sheet. It is clear that this is a medical malpractice/medical negligence action for which the Court does not have federal question jurisdiction. Thus, this Court would only have jurisdiction over plaintiff's action under 28 U.S.C. § 1332, or under the Court's diversity jurisdiction. However, because plaintiff, Dr. Kamari and Mercy Hospital are all residents of the same state there is not complete diversity of citizenship. Thus, this Court lack jurisdiction over plaintiff's action.

Even if the Court did have jurisdiction over plaintiff's action, it is clear that plaintiff's action would be subject to dismissal for yet another reason.

Plaintiff seeks to bring a claim of medical negligence under Missouri law against the medical defendants in this case. To state a claim of medical negligence, also referred to as medical malpractice, plaintiff must allege the following three elements: (1) an act or omission of the defendant failed to meet the requisite medical standard of care; (2) the act or omission was performed negligently, and (3) the act or omission caused plaintiff's injury. *See Mueller v. Bauer*, 54 S.W.3d 652, 656 (Mo. Ct. App. 2001). Under Missouri Revised Statute § 538.005, however, plaintiff's complaint must be accompanied by an affidavit from a legally qualified health care provider stating his or her opinion that the defendant was negligent. *See* Mo. Rev.

Stat. § 538.225.1. Such an affidavit must be filed no later than ninety days after filing the complaint. *Id.* Because plaintiff has not filed any health care affidavit under Missouri law, the Court will dismiss her state law medical negligence claims without prejudice. *See* Mo. Rev. Stat. § 538.225.6.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's action is subject to **DISMISSAL** for lack of jurisdiction. *See* Fed.R.Civ.P.12(h)(3).

**IT IS FURTHER ORDERED** that alternatively, plaintiff's action is subject to **DISMISSAL**, for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel [Doc. #3] is **DENIED AS MOOT**.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 27th day of January, 2020.

/s/ Ronnie L. White
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE